UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TERESA WALKER | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-347 |
| | ) | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY | ) | |

**MEMORANDUM OPINION**

This is an action for long-term disability retirement benefits under the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq.*, brought by Teresa Walker, a former employee of Sprint Corporation [Sprint]. Connecticut General Life Insurance Company [Connecticut General] insures a plan for Sprint and is the plan administrator of a group policy issued for Sprint. The action is now before this court on cross-motions for a judgment on the basis of the Administrative Record [AR].

The court notes at the outset that the policy language gives discretionary authority to CIGNA to determine eligibility for benefits and to interpret the terms and provisions of the policy. [AR 41, 48]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Ms. Walker must prove not only that the company's benefit determination was

incorrect but that its decision was arbitrary and capricious.

Under CIGNA's long-term disability policy, you are disabled when CIGNA determines that you are:

> completely unable to carry out every duty of your job because of illness or injury during the waiting period before basic long term disability benefits from the company begin and for the next twenty-four months. Afterwards, total disability means that you're unable to work in any occupation for which you're reasonably qualified through training, education, or experience. [AR 43].

In Ms. Walker's case, the waiting period in question was six months long and ran from July 6, 2002, through January 6, 2003. [AR 4, 43]. Ms. Walker's last day of work for Sprint was July 5, 2002. [AR 4]. In September 2002, Ms. Walker applied for long-term disability benefits, citing pain in her lower back that became worse after bending and sitting for long periods of time. [AR 199]. In January 2003, CIGNA determined that Ms. Walker did not qualify for benefits under their long-term disability policy. [AR 75-78]. CIGNA specifically cited as a reason for its denial a lack of medical documentation to support Ms. Walker's contention that she was unable to perform her sedentary position as a CSB Support Specialist for Sprint. [AR 77]. Ms. Walker appealed her denial, and CIGNA affirmed the denial in August 2003. [AR 79-80]. In December 2003, Ms. Walker appealed her case again, this time to a Centralized Appeal Unit. [AR 126-28, 150]. In April 2004, Ms. Walker was

informed by CIGNA that its original decision denying her long-term disability benefits was reaffirmed and that she was considered to have exhausted all of her administrative remedies. [AR 82-85].

For the following reasons, this court agrees with the decision of CIGNA that Ms. Walker did not qualify for benefits under the long-term disability policy. First, three independent physicians evaluated Ms. Walker's medical records and indicated that during the critical waiting period of July 6, 2002, through January 6, 2003, there was no evidence that Ms. Walker was unable to work at her sedentary position. [AR 17-20, 143, 177].

Second, the medical evidence before this Court does not substantiate Ms. Walker's contention that she should qualify for long-term disability payments from an inability to perform her position at Sprint. Dr. Alan Strizak found that Ms. Walker's MRI results failed to support a diagnosis of severe degenerative disc disease of the lumbrosacral spine. [AR 143]. Dr. Strizak also noted that he found Ms. Walker's claim that she was unable to work was "based on subjective complaints and self reported symptoms without sufficient objective medical data for support" and that one of her treating physicians failed "to acknowledge the signs of a chronic pain behavior with nonorganic pain complaints due either to [an] underlying psychological disorder or the intent to mislead the examiner." [*Id.*]. Dr. Eddie Sasson found no quantifiable evidence to support Ms. Walker's claim that she could perform her job

during the critical waiting period. [AR 177]. In addition, Ms. Walker's own statements about her activity level during the waiting period belied any claims of an inability to perform work. [AR 432-35]. She told CIGNA she operated a blacksmithing business out of her home, was able to drive for thirty minutes at a time, clean her home for an hour several times a week, shop for an hour two times a week, and do laundry for over an hour two times a week. [AR 432-35].

After careful consideration of the entire record of proceedings related to this case, this Court finds that CIGNA's decision that Ms. Walker did not qualify for long-term disability benefits was not arbitrary and capricious.

Accordingly, Ms. Walker's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

  ENTER:

             s/Thomas Gray Hull
             THOMAS GRAY HULL
              SENIOR U. S. DISTRICT JUDGE